

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-4753

Re: Whether Waco Independent School
District is entitled to high
school tuition aid for children
of Methodist Orphanage who at-
tend Waco schools.

We have received your letter of recent date in
which you ask the opinion of this department upon the above
captioned question.

Section 1, Article V of the current Rural Aid Bill
(Acts 1941, 47th Leg., R. S., Ch. 549, H. B. 284), provides
for high school tuition aid. Said section reads in part as
follows:

"It is further provided that tuition aid as
above set out shall be granted for pupils trans-
ferred into a district from an orphans' home or
from either of the State Training Schools."

This department held in opinion No. 0-762 that
the children living in the Methodist Orphanage in Waco re-
side in the Waco Independent School District and that such
children as residents are entitled to receive a public free
school education in the schools maintained by the Waco In-
dependent School District.

At the outset, therefore, we are confronted with
the question whether the Waco Independent School District
comes within the terms of the Act as a district entitled to
receive aid.

Section 1, Article I of the Act sets out the scho-
lastic population brackets of the school districts which are

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, Page 2

to receive benefits under the Act. Said section reads as follows:

"Section 1. Scholastic Population Of The District. State aid under the provisions of this Act shall be distributed in such a way as to assist all school districts which have not fewer than twenty (20) nor more than five hundred (500) original enumerated scholastics within the grades classified to be taught remaining in the district after transfers out, and consolidated and/or rural high school districts which have an average of not more than two hundred (200) scholastics of each original district composing the consolidated and/or rural high school district unit; provided that the maximum limitations as to scholastic population for eligibility herein set forth shall not apply for any type of aid to any school district which is nine (9) miles or more in length or contains forty-eight (48) square miles of territory or more, provided there is not located in such district an incorporated city or town having a population of more than thirty-six hundred (3600) inhabitants, according to the last preceding Federal Census. Districts maintaining a school at home and having less than an average of one (1) enumerated scholastic per square mile are exempt from said minimum scholastic requirement and are eligible for aid for only one teacher unless a geographical barrier necessitates the operation of two schools for the same race in said district, such geographical barrier to be determined by the State Department of Education subject to the approval of the Joint Legislative Advisory Committee. If they can show budgetary need therefor, all other districts having less than said minimum scholastic requirement, shall be eligible for only tuition and transportation aid to the nearest accredited school on enumerated scholastics whose grades are not taught in such district."

You will notice that only those districts which have not fewer than 20 nor more than 500 original enumerated scholastics are eligible for aid with three certain exceptions. In other words the population requirement is one of

Honorable L. A. Woods, Page 3

the factors which determine whether a school district may receive aid. Such requirement must be read into all the other provisions of the Act to determine whether the district is eligible. This is clearly indicated by the exceptions made in Section 1 immediately following the 20-500 requirement. In other words, a district must have a scholastic population of from 20 to 500 or it must come within one of the exceptions to be eligible. The Waco Independent School District has a scholastic population of over 11,000 scholastics, and it does not come within either of the three exceptions. It is our opinion that this factor disqualifies said district, and it is, therefore, not entitled to receive aid under the Act for its resident scholastics. Opinion No. O-4705.

We have also given serious consideration to the wording of the section providing for high school tuition aid. That part relating to pupils from an orphans' home reads as follows:

"It is further provided that tuition aid as above set out shall be granted for pupils transferred into a district from an orphans' home or from either of the State Training Schools." (Emphasis supplied).

It is earnestly contended by the Waco School officials that "transferred into" should be construed to mean "transferred within" or transferred into the district in the first instance from other sections of the State or other states when the children came to the orphanage. With either of these constructions we cannot agree. In the first place, a scholastic in a district cannot be transferred "within" such district. "Transferred into" as used in our school laws means transferred from one district or county into another district or county. Articles 2695-2699, Vernon's Annotated Civil Statutes. In the second place you will notice that the above quoted provision reads that tuition aid shall be granted "as above set out". That part of Section 1 of Article IV which precedes such provision reads as follows:

"Section 1. It is hereby expressly provided that a sufficient amount of funds allocated by this Act shall be used for the payment of high school tuition not to exceed Seven Dollars and Fifty Cents ($7.50) per pupil per month, and in no instance shall more than five (5) months tuition be paid for any one pupil on the census roll

Honorable L. A. Woods, Page 4

for any one school year.  High school tuition shall be paid according to the provisions of House Bill No. 158, General Laws, Regular Session, Forty-fourth Legislature, as amended, and subject to the limitations and restrictions provided in this Act. In the event a receiving high school has its budget balanced with Salary Aid, there shall be deducted from the Salary Aid grant of such school any amount of tuition collected from sending districts, and all such collections shall be included in the revenue section of the State Aid application. Such revenues shall include the total tuition received for the preceding school year by such school districts.  In no event shall any Salary Aid school receive tuition aid in any amount which, together with the Salary Aid granted, exceed the budgetary need as indicated by the approved State Aid applications.  Receiving schools refusing to accept said approved rate as the maximum amount to be charged shall not be eligible to receive State High School Tuition Aid Funds.  . . ."  (Emphasis supplied).

It is stated that high school tuition shall be paid according to the provisions of House Bill No. 158, Acts 44th Leg., R. S.  An examination of House Bill No. 158 reveals that such Act authorizes the transfer of a high school student from his home district to another district when his grade is not taught in his home district.  The Act speaks in terms of receiving and sending districts just as the Rural Aid Bill. These provisions preclude, we think, any construction which would authorize payment to the Waco Independent School District of high school tuition for resident children from the orphanage.  It is our opinion that the provision of payment of tuition aid "as above set out" authorizes such payment only where a pupil is transferred from one district into another district, and not where a resident scholastic of a district attends school in his home district.

The reason given by the Waco School officials for the construction which they place on the provision is the rule that the Legislature will not be presumed to have done a useless thing, since even without such provision the Act would cover a transfer of children from an orphanage from one district to another.  Such rule is an elementary rule of statutory construction.  It is also an elementary rule,

Honorable L. A. Woods, Page 5

however, that where the language used is clear and unambiguous, there is no necessity for construction. 39 Tex. Jur. 160.

In view of the foregoing you are respectfully advised that the Waco Independent School District is not entitled to high school tuition aid under the Rural Aid Law for children of the Methodist Orphanage of Waco who attend the Waco public schools.

We do not doubt that the Waco Independent School District is in need of State aid in addition to the per capita apportionment which it receives for the education of children from the orphanage. However, we believe that the Rural Aid Law lends itself to no other construction than the one which we have placed upon it.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

GWS:mp

APPROVED AUG 12, 1942

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN